SEEBECK, APPELLANT, *v.* ZENT, WARDEN, APPELLEE.

[Cite as *Seebeck v. Zent* (1993), 68 Ohio St.3d 109.]

(No. 93–1184—Submitted October 18, 1993—Decided December 29, 1993.)

*Gregg Seebeck, pro se.*

*Lee I. Fisher,* Attorney General, *Donald G. Keyser,* Assistant Attorney General, for appellee.

---

*Per Curiam.* Seebeck fails to raise a jurisdictional claim in his petition for a writ of habeas corpus. When the appellant does not attack the jurisdiction of the court, a writ of habeas corpus will be denied. R.C. 2725.05; *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 354, 4 O.O.3d 485, 487–488, 364 N.E.2d 286, 288. However, even if the court considers this petition as one for a writ of mandamus, the relief must still be denied.

R.C. 2967.15 requires the authority "to make a determination of the case of the parolee alleged to be a violator of the conditions of his pardon or parole *within a reasonable time*" or release him on parole. (Emphasis added.) Seebeck alleges he was entitled to a parole revocation hearing within sixty days of his arrest, since he is a technical parole violator. He bases his argument on the 1974 federal district court case of *Inmates' Councilmatic Voice v. Rogers* (Dec. 12, 1974), N.D. Ohio No. C72–1052, unreported. This case has been vacated, *Rogers v. Inmates' Councilmatic Voice* (1975), 422 U.S. 1031, 95 S.Ct. 2646, 45 L.Ed.2d 687; a new order issued on August 19, 1975; modified upon appeal on September 9, 1976, at 541 F.2d 633; and explained upon further appeal by intervenor plaintiffs in *Inmates' Councilmatic Voice v. Wilkinson* (Mar. 25, 1993), C.A.6, Nos. 92–3218 and 92–3275, unreported, 1993 WL 87431, table citation (1993), 989 F.2d 499.

In *Inmates' Councilmatic Voice v. Wilkinson,* the court stated that all jurisdiction in the original *Inmates' Councilmatic Voice* case had terminated at least by 1981. With the status of the federal law unclear on the sixty-day rule, we hold that the standard to be used in Ohio is the reasonable time standard, developed in *Coleman v. Stobbs* (1986), 23 Ohio St.3d 137, 139, 23 OBR 292, 293, 491 N.E.2d 1126, 1128, and modified in *Flenoy v. Ohio Adult Parole Auth.* (1990), 56 Ohio St.3d 131, 134, 564 N.E.2d 1060, 1063–1064, and in *State ex rel. Taylor v. Ohio Adult Parole Auth.* (1993), 66 Ohio St.3d 121, 127–128, 609 N.E.2d 546, 550–551.

*Coleman v. Stobbs* presented a two-part test for determining whether a delay of a parole revocation hearing by the Adult Parole Authority entitles an alleged parole violator to relief. First, the court must determine whether the delay was reasonable. "This involves the consideration and balancing of three factors: (1) the length of the delay, (2) the reasons for the delay, and (3) the alleged parole violator's assertion of his right to a hearing within a reasonable period of time." *Id.,* 23 Ohio St.3d at 139, 23 OBR at 293, 491 N.E.2d at 1128. Second, the court must determine whether the delay somehow prejudiced the alleged parole violator. The court identified three protected interests in this context:

"(1) [P]revention of oppressive prehearing incarceration, (2) minimization of anxiety and concern of the alleged parole violator, and (3) limitation of the

possibility that delay will impair the accused parole violator's defense at his final parole revocation hearing." *Id.*

Although the *Flenoy* case modified the *Coleman* test by placing the prejudice factor on the same plane as the reasonableness-of-time factor, we held in *Taylor* that, "prejudice should ordinarily receive substantial emphasis because the remedy—outright release of a felon * * * is so drastic." 66 Ohio St.3d at 128, 609 N.E.2d at 551. Seebeck has shown neither unreasonable delay nor prejudice. Moreover, there is no "60 day rule."

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.